UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC
et al.,

      Debtor.

Case No.: 14-32819-BKC-JKO
Chapter 7

_____/

Adversary Case No.: 16-01572-JKO

KENNETH A. WELT, Chapter 7 Trustee
Of the estates of the Debtors,

      Plaintiff,

    v.

DAVID CHEUNG,

      Defendant.

_____/

## ANSWER TO COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND OBJECTION TO CLAIMS

**COMES NOW** the Defendant, DAVID CHEUNG, by and through the undersigned counsels, and, pursuant to Fed. R. Bankr. P. 9006, file his Answer to Complaint to Avoid and Recover Fraudulent Transfers and Objection to Claims, dated October 11, 2016, and in furtherance thereof, states as follows:

1. Without knowledge and therefore denied.

2. Admitted.

3. Admitted.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Denied.

8. Denied.

9. Admitted as to body of paragraph 9 only. Without knowledge regarding footnote 2 and therefore denied.

10. Without knowledge and therefore denied.

11. Admitted.

12. Admitted.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Admitted.

16. Admitted.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant asserts that any transfers received by Defendant from Debtors was taken in good faith and for value. Defendant gave value to the Debtor because Defendant was not aware of the alleged avoidability of the transfers. Defendant was neither aware of any actual fraud on the part of the Debtors when the transfers were made nor was Defendant aware that any of the Debtors were insolvent or not paying their debts as they came due at the time of the making of the transfers. Therefore, Defendant has a lien on or may retain any such transfers in their entirety.

### Second Affirmative Defense

The Defendant asserts that the recovery pursuant to 11 U.S.C. §548 of any transfers received by Defendant from Debtors more than two years prior to the petition date are barred by the operation of the statute of limitations arising under §548(a).

### Third Affirmative Defense

The allegations contained in paragraphs 43-53 of the Complaint (designated "Count I") fail to state a claim upon which relief can be granted

### Fourth Affirmative Defense

The allegations contained in paragraphs 54-56 of the Complaint (designated "Count II") fail to state a claim upon which relief can be granted

### Fifth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of estoppel.

### Seventh Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of laches.

### Eighth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the statute of limitations.

### Ninth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of law of the case.

### Tenth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied because the Trustee failed to mitigate damages.

### Eleventh Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of collateral estoppel and/or res judicata.

### Twelfth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied as the Debtor was solvent

during the complained of periods.

### Thirteenth Affirmative Defense

Plaintiff's claims raised in the Complaint should be denied pursuant to the doctrine of judicial estoppel.

WHEREFORE, Defendant, by and through undersigned counsel, requests that this Honorable Court deny Plaintiff's prayers for relief and grant the Defendant any further relief this Honorable Court deems just and proper.

I HEREBY CERTIFY that I, Joseph S. Van de Bogart, am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in local rule 2090-1(A).

By: /s/ Joseph S. Van de Bogart
Joseph S. Van de Bogart, Esq.
Florida Bar No: 084764
VAN DE BOGART LAW, P.A.
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
Telephone: (954) 567-6032
Facsimile: (954) 568-2152
Email Joseph@vandebogartlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties by Notice of Electronic Filing to those parties who are registered participants on January 3, 2017.

/s/  Joseph S. Van de Bogart
Joseph S. Van de Bogart